# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**LIBERTY EXCAVATION, LLC,**
**Employer Below, Petitioner**

**FILED**

July 31, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0475** (BOR Appeal No. 2053491)
              (Claim No. 2018003607)

**WILLIAM CORNELL,**
**Claimant Below, Respondent**

### MEMORANDUM DECISION

Petitioner Liberty Excavation, LLC, by Counsel Jane Ann Pancake and Jeffrey B. Brannon, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). William Cornell, by Counsel Christopher J. Wallace, filed a timely response.

The issue on appeal is medical benefits. The claims administrator denied a request for extraction of all teeth of the upper and lower arches as well as ten implants for eighteen months on June 12, 2018. The Office of Judges reversed the decision in its September 14, 2018, Order. The Order was affirmed by the Board of Review on April 19, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Cornell, a laborer, was injured in the course of his employment when he was struck in the face by a tree branch on August 10, 2017. Treatment notes from University Healthcare Jefferson Medical Center that day indicate Mr. Cornell presented with right jaw pain, several broken teeth, and right clavicle pain. He underwent diagnostic testing which showed a comminuted right mandibular body and symphysis fracture. Mr. Cornell was transferred to WVU University Healthcare where he was treated by Nahla Chaudhary, D.D.S. Dr. Chaudhary performed surgery to fix a displaced right mandibular parasymphyseal fracture. She also extracted teeth eight through eleven because the teeth were broken and non-restorable. Additional treatment notes from WVU Hospital indicate Mr. Cornell was diagnosed with open fracture of symphysis of the body of the

1

mandible. It was noted that his teeth were in generally poor condition, and he had smoked for five years.

The claim was held compensable for right mandible fracture on August 29, 2017. On December 14, 2017, Mr. Cornell sought treatment from Eunjoo Stringer, D.D.S. The treatment note indicates Mr. Cornell was missing teeth eight through eleven as well as twenty-seven. Dr. Stringer noted severe cavities and stated that most of the teeth needed major work, including a crown. He noted that vertical dimension of occlusion was in jeopardy. Mr. Cornell was evaluated on February 12, 2018, by Michael Wright, D.D.S., who diagnosed missing teeth and hopeless remaining teeth with loss of occlusal vertical dimension.

In a March 5, 2018, consultation note, Sanjeev Bhatia, D.D.S., noted that she examined Mr. Cornell and found multiple missing teeth, multiple non-viable teeth, pneumatized sinuses, and a collapsed interocclusal bite. She recommended a multiphase approach. Phase one was a CT scan and extraction of teeth two through five, twelve through sixteen, eighteen, twenty through twenty-two, and twenty-nine through thirty-one. Phase two would be fabrication of full upper denture. Phase three called for full upper arch clearance, placement of six implants, and immediate upper hybrid fixed interim prosthesis, as well as placement of implants in the mandible and lower partial denture. Phase four was the final restorative process.

Anne Myers performed a clinical review report for the claims administrator on March 14, 2018. She summarized Mr. Cornell's treatment to date and recommended authorization of the requested CT scan. A second clinical review report was performed on April 18, 2018, by John Braun, D.D.S., M.D. Dr. Braun opined that Mr. Cornell's current dental condition was 90% attributable to the compensable injury and 10% attributable to preexisting conditions. Dr. Braun concluded that Mr. Cornell required fixed hybrids with extraction of all teeth in the upper and lower arches, six implants on the upper arch and four on the lower, and smoothing of the bone after extraction.

Joseph Tomlinson, D.M.D., reviewed Mr. Cornell's records and recommended in a May 17, 2018, report that the claims administrator deny payment for the proposed treatment. He stated that he saw no mention in the hospital records of missing or broken teeth. He noted that the records mention that Mr. Cornell's teeth were in poor condition and that he had esophageal reflux, which softens teeth. He noted that Dr. Wright found that Mr. Cornell's teeth were badly decayed. Dr. Tomlinson opined that tooth twenty-seven was missing prior to the compensable injury because there was no room for it. He also opined that tooth twenty-six could be lost in the future due to the work-related trauma. Dr. Tomlinson concluded that the requested treatment was not necessary for the compensable injury. He further opined that teeth eight through eleven were predisposed to fracture due to preexisting decay. He recommended implants but stated that without treatment of the preexisting conditions, implants would be more likely to fail due to bite force. The claims administrator denied a request for extraction of all teeth of the upper and lower arches as well as ten implants for eighteen months on June 12, 2018.

In an expedited August 17, 2018, hearing before the Office of Judges, Mr. Cornell testified that he lost some teeth immediately after he was struck in the jaw. He then underwent surgery to

2

remove the remaining fractured teeth. Mr. Cornell stated that he had acid reflux but it had not bothered him since he was thirteen or fourteen years old. He testified that he was willing to undergo the proposed oral surgery and that he would rather have permanent teeth than removable ones. Lastly, Mr. Cornell stated that prior to the injury, he last visited a dentist in 2016.

On September 14, 2018, the Office of Judges reversed the claims administrator's decision and authorized extraction of all teeth of the upper and lower arches as well as ten implants for eighteen months. It found that the evidence shows Mr. Cornell suffered a broken jaw and several broken teeth as a result of his compensable injury. The insurance company referred him to One Call, where Mr. Cornell was seen by Drs. Bhatia and Wright. The Office of Judges found that correspondence from One Call, after Mr. Cornell was evaluated, indicates his condition is 90% attributable to the compensable injury. The Office of Judges noted that the employer introduced a report by Dr. Tomlinson, who works for NADENT. The Office of Judges determined that NADENT is a dental consulting firm that primarily works for insurance carriers. Therefore, the Office of Judges questioned how independent Dr. Tomlinson's report actually was. Dr. Tomlinson stated in his report that Mr. Cornell's teeth were not described as being fractured following the compensable injury. He recommended that the treatment requested by Drs. Bhatia and Wright be denied. The Office of Judges found that Mr. Cornell testified in a hearing that he was a smoker for a short period of time and that acid reflux had not been a problem since he was a teenager. The Office of Judges concluded that Drs. Bhatia and Wright were selected by the insurance carrier, and Mr. Cornell's requested treatment is based on their recommendations. Lastly, the Office of Judges noted that Drs. Bhatia and Wright actually examined Mr. Cornell, whereas Dr. Tomlinson did not. The Office of Judges concluded, based on a preponderance of the evidence, that the requested medical treatment is reasonable and necessary for the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 19, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The medical records show Mr. Cornell lost several teeth as a result of the compensable injury. Though he may have had some preexisting dental issues, a preponderance of the evidence indicates that the requested extraction of all teeth of the upper and lower arches as well as ten implants for eighteen months is necessary and reasonable medical treatment for the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 31, 2020**


**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison